UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PPF 5, L.L.C., Plaintiff | CIVIL DOCKET NO. 1:23-CV-01799 |
| VERSUS | DISTRICT JUDGE DOUGHTY |
| DELTA WORKOVER, L.L.C., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### JURISDICTIONAL STATEMENT ORDER

"Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *SXSW, L.L.C. v. Federal Insurance Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."[1] *Mullins v. Testamerica Inc.,* 300 Fed. Appx. 259, 259 (5th Cir. 2008) (citing *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 805 (5th Cir. 1991)).

"For limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members.'" *SXSW, L.L.C.*, 83 F.4th at 407-08 (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). "To establish diversity

---

[1] "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *SXSW, L.L.C.,* 83 F.4th at 409 (citing *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)).

jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" *SXSW, L.L.C.*, 83 F.4th at 407-08 (citing *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

Plaintiff PPF 5, L.L.C. filed this lawsuit asserting diversity jurisdiction. ECF No. 1. PPF 5 contends it is a limited liability company with one member, Petroleum Production Finance, Inc. – a Delaware corporation with its principal place of business in Missouri. Thus, PPF 5 is a citizen of Delaware and Missouri. PPF 5, the owner of oil, gas and mineral leases and oil wells located in Mississippi, is suing Defendants for damages resulting from a bridge collapse in Mississippi.

The named defendants are: Delta Workover, L.L.C. ("Delta"); Robert A. Heidel, Jr. ("Heidel") (an employee of Delta Workover); Imperium Insurance Company ("Imperium") (Delta Workover's insurer); and Houston Specialty Insurance Company ("Houston Specialty") (Delta Workover's insurer). Imperium asserts that it is a Texas corporation with its principal place of business in Texas. ECF no. 11. Heidel asserts that he is a citizen of Mississippi. Neither Delta Workover nor Houston Specialty have filed a diversity jurisdiction disclosure statement.[2]

---

[2] PP5 states in its Complaint that Delta Workover is "a limited liability company formed under the laws of Louisiana," and that Houston Specialty is a "foreign insurer". ECF No. 1 at 1-2. Neither of those statements correctly sets forth citizenship.

Because the citizenships of Delta Workover and Houston Specialty are not disclosed, the Court's jurisdiction is not asserted clearly, distinctly, and precisely. Accordingly, to clarify this issue on record,

IT IS ORDERED that Delta Workover and Houston Specialty file diversity jurisdiction disclosure statements **within 7 days of the date of this order.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_16th\_\_ day of September 2024.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge