b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PPF 5, L.L.C., Plaintiff | CIVIL DOCKET NO. 1:23-CV-01799 |
| VERSUS | DISTRICT JUDGE DOUGHTY |
| DELTA WORKOVER, L.L.C., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendants Imperium Insurance ("Imperium"), Robert A. Heidel, Jr. ("Heidel"), and Delta Workover, L.L.C. ("Delta") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. Defendant Houston Specialty Insurance Company ("Houston") also filed a Motion to Dismiss pursuant to Rule 12(b)(6). ECF No. 16. However, because this Court is not the proper venue, the lawsuit should be TRANSFERRED to the United States District Court for the Southern District of Mississippi.

I. Background

Plaintiff PPF 5, L.L.C. ("PPF 5") filed a Complaint against Defendants Delta, Heidel (an employee of Delta), Imperium, and Houston, asserting diversity jurisdiction. PPF 5, the owner of oil, gas, and mineral leases and oil wells located in Wilkinson County, Mississippi, is suing Defendants for damages resulting from the collapse of a bridge over the Buffalo River when Heidel, an employee of Delta,

attempted, without a permit, to move a rig over the bridge. The rig was too heavy for the bridge, causing it to collapse. ECF No. 1 at 5-7. Plaintiff contends that Imperium and Houston Specialty are Delta's liability insurers. ECF No. 1 at 7.

Defendants Delta, Heidel, and Imperium filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. Houston Specialty also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 16. PP5 opposes those motions. ECF Nos. 18, 21.

II. **Law and Analysis**

Defendants have not moved to dismiss this action for improper venue pursuant to Rule 12(b)(3). However, "[a] district court may consider *sua sponte* whether venue is proper and has discretion to dismiss or transfer a case if venue is improper."[1] *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Brown v. McConnell*, No. 1:20-CV-885-P, 2022 WL 256590, at *2 (W.D. La. Jan. 26, 2022). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Atlantic Marine Construction Company, Inc. v. United States District Court for Western District of Texas*, 571 U.S. 49, 55 (2013). "Venue for a civil action in federal court is proper in: (1) the

---

[1] Congress enacted 28 U.S.C. § 1404(a), which authorizes a discretionary transfer when venue is proper but another venue is more convenient, and § 1406(a), which requires a transfer when venue is improper but justice weighs in favor of transfer to a proper venue rather than dismissal. *See Franco v. Mabe Trucking Company, Inc.*, 3 F.4th 788, 793 (5th Cir. 2021).

district where any defendant resides if all defendants are residents of the state in which the district is located; (2) the district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, in a district in which any defendant is subject to personal jurisdiction." 28 U.S.C. § 1391(b).

"If venue is not proper, 'the case must be dismissed or transferred under § 1406(a).'" *Scott v. Thicklen*, 2024 WL 2212368, at *2 (S.D. Miss. 2024) (quoting *Atlantic Marine Construction Company, Inc.,* 571 U.S. at 56). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Scott*, 2024 WL 2212368, at *2; *see also Caldwell,* 811 F.2d at 919. Section 1406(a) "was intended to remove whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits, so that plaintiffs would not be penalized by time-consuming and justice-defeating technicalities." *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 793 (5th Cir. 2021); *see also Scott*, 2024 WL 2212368, at *2.

PPF 5 asserts that it is a limited liability company that is a citizen of Delaware and Missouri. ECF Nos. 1, 3. Imperium is a Texas corporation with its principal place of business in Texas. ECF No. 11. Heidel is a citizen of Mississippi. ECF No. 12. Houston Specialty is a Texas corporation with its principal place of business in Texas. ECF No. 25. Delta shows that it is a limited liability company whose members

are citizens of Louisiana, Arkansas, Washington, California, and Nebraska. ECF No. 26.

The activities that caused the bridge to collapse took place in Wilkinson County, Mississippi. PPF 5, Delta, and Heidel were engaged in work activity there at the time of the incident.

As such, venue is not proper here because only one Defendant is a citizen of Louisiana, the event sued upon did not occur in Louisiana, and there is no claim that any damages were incurred in Louisiana. See 28 U.S.C. 1391(b)(1), (2). For the same reason, Mississippi will likely govern the dispute. Therefore, this lawsuit should be transferred pursuant to § 1406(a). The United States District Court for the Southern District of Mississippi is plainly the locus of this dispute as the district in which a substantial part of the events giving rise to the claims occurred.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that this case be TRANSFERRED to the United States District Court for the Southern District of Mississippi, Western Division pursuant to 28 U.S.C. § 1406(a).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such

as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on March 4, 2025.

Joseph H.L. Perez-Montes
United States Magistrate Judge